IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Case No. 1:24-cv-02160-SKC-TPO

GREAT MIDWEST INSURANCE COMPANY,

     Plaintiff,

v.

BARNES CONSTRUCTION COMPANY, and
BRIAN BARNES,

     Defendants.

---

**ORDER GRANTING DEFENDANT BRIAN BARNES'
MOTION TO DISMISS (DKT. 20)**

---

This case involves a contract dispute. Plaintiff Great Midwest Insurance Company issued payment and performance bonds on behalf of Defendant Barnes Construction Company (BCC) for certain construction projects in Colorado. Dkt. 1, ¶5. Defendant Brian Barnes is the owner and president of BCC. Dkt. 20, ¶40; *see also* Dkt. 30, ¶12. Plaintiff brought three claims for relief in its Complaint: (1) common law indemnification against BCC; (2) *quia timet* against both Defendants; and (3) unjust enrichment against both Defendants.

1

Now before the Court is Mr. Barnes' Motion to Dismiss.[1] Dkt. 20. Plaintiff filed a response (Dkt. 21) and Mr. Barnes filed a reply (Dkt. 30). No hearing is necessary. The Court grants the Motion because the Complaint fails to plausibly allege Mr. Barnes is a party to the bonds or that he otherwise received a benefit from Plaintiff in his individual capacity.

## FACTUAL BACKGROUND[2]

Serving as surety, Plaintiff issued payment and performance bonds to BCC, as principal, for work to be performed on a construction project referred to here as the Lipan Project. Dkt. 1, ¶13. Pursuant to the bonds, Plaintiff agreed to guarantee BCC's financial obligations on the Lipan Project to the extent BCC failed to perform. *Id.* at ¶14. The bonds Plaintiff issued BCC on the Lipan Project totaled $1,421,900 with Shaw Builders, LLC, identified as the obligee. *Id.* at ¶1. Plaintiff also issued payment and performance bonds to BCC for a separate construction project referred to here as the Steel House Project. *Id.* at ¶15. These bonds totaled $1,078,844 with G.E. Johnson Construction Company, Inc., identified as the obligee. *Id.*

On August 3, 2023, Shaw made a demand on the Lipan Project bonds in the amount of $893,582.48, asserting that BCC abandoned the project and failed to fulfill its contractual obligations. *Id.* at ¶17. On August 15, 2023, and to protect itself from

---

[1] Defendants originally brought the Motion also on behalf of BCC but later withdrew it as concerns BCC. Dkt. 30.

[2] This factual background is based on the allegations in the Complaint (Dkt. 1), which are taken as true for purposes of resolving the Motion.

further losses, Plaintiff wrote G.E. Johnson requesting that no further funds be released to BCC on the Steel House Project without Plaintiff's express written consent. *Id.* at ¶21.

On November 22, 2023, Plaintiff sent BCC a "formal notice and demand" regarding BCC's duties to defend and indemnify Plaintiff from and against all losses related to Shaw's claims on the Lipan Project bonds. *Id.* at ¶23. On December 4, 2023, Plaintiff and Shaw entered a Tender and Release Agreement whereby Plaintiff paid Shaw $893,582.48 in exchange for a release of its obligations under the bonds. *Id.* at ¶25. Despite Plaintiff's various demands for indemnity and collateral from BCC and eventually Mr. Barnes, Plaintiff has not received payment, discharge, or collateral from Defendants for the $893,582.48 it paid Shaw or regarding BCC's ability to perform its obligations on the Steel House Project. *Id.* at ¶¶26-30.

## STANDARD OF REVIEW

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (internal citations omitted). But the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (cleaned up).

## ANALYSIS

Plaintiff asserts two claims for relief against Mr. Barnes—*quia timet* and unjust enrichment. The Court finds the Complaint fails to plausibly allege either claim against Mr. Barnes.

"Quia timet is the right of a surety to demand that the principal place the surety 'in funds' when there are reasonable grounds to believe that the surety will suffer a loss in the future because the principal is likely to default on its primary obligation to the creditor." *Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 934 F.2d 30, 32 (2d Cir. 1991). It is a remedy available to a surety before the principal's debt matures when it becomes likely the principal will default on his obligation. *Id.* The elements of the claim include: (1) a debt that will come due; (2) the principal will be liable for the debt; and (3) absent equitable relief, the surety will be prejudiced because it will be forced to advance the money to the creditor. *Id.* at 33; *see also Cincinnati Ins. Co. v. Rocky Mountain Water Works, LLC*, No. 20-cv-00146-CMA-KLM, 2020 WL 978744, at *3 n.2 (D. Colo. Feb. 28, 2020) (citing *Borey* for the same elements of a *quia timet* claim). It is an equitable doctrine which allows the surety "to compel the principal to exonerate [the surety] from liability" for money

4

owed a creditor. *Fireman's Fund Ins. Co. v. S. E. K. Const. Co.*, 436 F.2d 1345, 1349 (10th Cir. 1971).

Unjust enrichment is a form of contract, or quasi-contract, implied by law that does not rely upon a promise between the parties. *Harris Group, Inc. v. Robinson*, 209 P.3d 1188, 1205 (Colo. App. 2009). The elements of unjust enrichment are: (1) at the expense of a plaintiff; (2) a defendant received a benefit; (3) under circumstances making it unjust for the defendant to retain the benefit without paying for it. *Id.* (citing *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 2008)).

The Court has considered the Lipan Project bonds and Steel House Project bonds because Plaintiff attached them to the Complaint (Dkts. 1-1 and 1-2), they are central to the claims asserted in this case, and their authenticity is not disputed by Mr. Barnes. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). It is clear from both the bonds and the allegations in the Complaint that Mr. Barnes, individually, is not a party to the bonds. Dkt. 1-1, p.1 (identifying BCC as principal, Plaintiff as surety, and Shaw as obligee), p.4 (same); Dkt. 2-2, p.1 (identifying BCC as principal, Plaintiff as surety, and G.E. Johnson as obligee), p.3 (same); *see also* Dkt. 1, ¶¶13-15, 17, 21, 23-24, 32. Because Mr. Barnes is neither the principal under the bonds or otherwise a party to them, the Complaint fails to plausibly allege a *quia timet* claim against him. And because the Complaint alleges no facts to establish Mr. Barnes, individually, received a benefit from Plaintiff, the Complaint fails to plausibly allege an unjust enrichment claim.

For these reasons, the Motion to Dismiss is GRANTED. The *quia timet* claim is DISMISSED with prejudice. The unjust enrichment claim is DISMISSED without prejudice.

DATED: August 25, 2025

BY THE COURT:

S. Kato Crews
United States District Judge